IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | **CRIMINAL NO. 1:CR-06-009** |
| **v.** | : | |
| **JESSE KENLEY** | : | |

# M E M O R A N D U M

## I. Procedural History

On January 4, 2006, Defendant entered a plea of guilty to three federal offenses in exchange for the termination of criminal proceedings in the Dauphin County Court of Common Pleas. Defendant was scheduled to go to trial that day in Dauphin County Court on charges of robbery and murder based on the murder of Sue Behrens at the Red Roof Inn in Dauphin County in March 1992. The guilty plea in federal court was pursuant to a plea agreement that Defendant entered into with the United States. An extensive colloquy was conducted during which the court explained the legal elements of the crime to which Defendant was pleading guilty, the rights he was surrendering by pleading guilty, and a factual basis for the plea was placed on the record. The court then accepted Defendant's guilty pleas.

Four months later, on May 10, 2006, however, Defendant filed a motion to withdraw his guilty plea. A hearing on that motion was held on May 15, 2006 at which Defendant testified. A second hearing was conducted on June 14, 2006 with Defendant now represented by attorney Gerald Lord. Attorney Thomas Thornton, Defendant's counsel for purposes of the guilty plea, withdrew his appearance so that he could testify at this proceeding. In addition to attorney Thornton's testimony,

testimony was heard from Defendant, and attorney Paul Muller, who along with attorney Diane Morgan represented Defendant throughout the proceedings in the Dauphin County Court of Common Pleas.

By memorandum and order dated July 6, 2006, this court denied Defendant's motion to withdraw his guilty plea. On July 18, 2006, Defendant was sentenced on all three charges to a combined term of 35 years imprisonment.

Defendant appealed to the United States Court of Appeals for the Third Circuit which, by opinion dated November 6, 2008, affirmed this court's denial of Defendant's motion to withdraw his guilty plea. *United States v. Kenley*, 299 Fed. App. 184 (3d Cir. 2008.) On May 18, 2009, the United States Supreme Court denied Defendant's petition for writ of *certiorari*. <u>Kenley v. United States</u>, __ U.S. __, 129 S. Ct. 2410 (2009). On September 18, 2009, Defendant filed a motion pursuant to 28 U.S.C. § 2255 and thereafter supplemented the motion with a memorandum and supplemental memorandum. The Government has responded and Defendant has filed a traverse. The matter is ripe for disposition.

**II.      Discussion**

   **A. Incompetency of Counsel**

   **1. Issues Presented in Motion**

The § 2255 motion sets forth claims of ineffective assistance of trial counsel: Paul Muller, Dauphin County; Thomas Thornton, Assistant Federal Public Defender; and Gerald Lord, court appointed counsel and appellate counsel. These claims are that (1) Thornton and Lord failed to raise the issue that the statute of limitations had expired as to the Hobbs Act Robbery and conspiracy charges, thus voiding the guilty plea as to those charges; (2) Thornton failed to review the felony information with Defendant prior to his plea; (3) Thornton misrepresented the actual

2

sentence he could receive under the guidelines; (4) Muller failed to pursue a meaningful investigation of the charges in that he did not pursue (a) an alibi witness, (b) DNA discovery, and (c) exculpatory evidence (insanity issue); (5) Muller had a conflict of interest in that the Dauphin County Public Defender's Office represented some of the witnesses in the case; (6) Muller failed to pursue a meritorious defense.

Defendant also claims there was prosecutorial misconduct in that the Government (1) failed to produce discovery; (2) violated the terms of the proffer agreement; and (3) caused his wife to testify in violation of the spousal privilege.[1]

## 2. Incompetency of Counsel Standard

A claim for ineffective assistance of counsel is evaluated under the standard set forth in *Strickland v. Washington*, 466 U.S. 668 (1984). The standard has two prongs. Petitioner must show (1) that counsel's performance was deficient and (2) that the deficient performance prejudiced the defense. *Id.* at 687. The first prong requires petitioner to show that counsel made errors "so serious that counsel was not functioning as 'counsel' guaranteed by the Sixth Amendment." *Id.* This showing can be made by demonstrating that the attorney's performance was unreasonable under prevailing norms. *United States v. Day*, 969 F.2d 39, 42 (3d Cir. 1993). The second prong requires petitioner to show that the errors were "sufficiently serious as to deprive the defendant of a fair trial, a trial whose result is reliable." *Strickland*, 466 U.S. at 687. To establish prejudice, the petitioner must show "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceedings would have been different." *United States v. Mannino*, 212

---

[1] This issue was addressed in a prior opinion of this court and affirmed by the court of appeals. Defendant acquiesced that Alisha Kenley was his ex-wife (Tr. of Arr. & Guilty Plea Proceeding at p. 20 (doc. 18)). There was no spousal immunity violation.

3

F.3d 835, 840 (3d Cir. 2000).  This standard applies as well to ineffective assistance claims arising out of the plea process.  *Hill v. Lockhart*, 474 U.S. 52, 57 (1985).

### 3. Incompetency of Counsel Findings

As noted above, two hearings were held on Defendant's motion to withdraw his guilty plea.  At those hearings, Defendant raised the following issues in support of his request to withdraw his guilty plea: (1) that attorney Muller (Dauphin County counsel) failed to pursue an alibi witness and leads on witnesses who implicated other individuals in the crime, and to follow up on DNA evidence; (2) that Thornton (federal counsel) misrepresented his guideline sentence; (3) that Thornton allowed the Government to use his proffer statements to support the felony information; (4) that Muller and Thornton coerced him into pleading guilty; and (5) that Thornton failed to argue the statute of limitations expired on the Hobbs Act robbery and conspiracy charges, thus voiding the guilty plea.

These issues were addressed by the court and decided against Defendant (Memorandum and Order dated July 6, 2006 (doc. 51)).  This court was affirmed by the United States Court of Appeals for the Third Circuit on November 6, 2008 (doc. 77).  Though these issues were presented as a basis to withdraw a plea, they were essentially incompetency of counsel claims.  The court's findings are the law of the case.  These claims of incompetency are without any basis.

Two incompetency of counsel issues presented in the instant motion remain.  The first is Defendant's claim of incompetency of Gerald Lord in not appealing the issues raised in the motion to withdraw his guilty plea.  However, these issues **were** appealed by Lord and were found to be without merit.  The second is Defendant's claim that Thornton failed to discuss with him the felony information.  During the arraignment and guilty plea proceeding, the following colloquy took place:

4

| | |
|---|---|
| THE COURT: | Do you wish to have the information read to you at this time or do you waive the reading of the information? |
| DEFENDANT: | I waive that. |
| THE COURT: | Have you fully gone over the information with your counsel? |
| DEFENDANT: | Yes. |

(Transcript of Arraignment and Guilty Plea Proceeding at p. 4 (doc. 18).) Defendant was under oath during this colloquy. He will be held to his response. Counsel was not ineffective as to this issue.

Pursuant to the findings of this court in its memorandum of July 6, 2006 (doc. 51), as affirmed by the United States Court of Appeals for the Third Circuit in its opinion dated November 6, 2008 (doc. 77), as well as this memorandum, this court finds that Defendant's claims of incompetency of attorneys Thornton and Lord are without merit.

### B. Prosecutorial Misconduct

#### 1. Prosecutorial Misconduct Standard

A claim of prosecutorial misconduct requires proof of improper conduct by the prosecutor that, taken in the context of the trial as a whole, violated the defendant's due process rights. *Marshal v. Hendricks*, 307 F.3d 36, 63-64 (3d Cir. 2002).

#### 2. Claim Against Assistant United States Attorney Behe

This court will not address any claims of prosecutorial misconduct leveled against the state prosecutor as these claims are not within this court's jurisdiction.

The claim against assistant United States attorney Behe is that he failed to provide impeachment evidence. Defendant claims this failure prevented him from

making an intelligent decision as to trial strategy or how to plead. The court notes that Defendant's county attorneys received five or six bound volumes of discovery materials. (Tr. of May 15, 2006 Hearing on Motion to Withdraw Guilty Plea at p. 33 (doc. 31).) This discovery was not required to be given to Defendant personally. Defendant, however, acknowledged his county counsel sent these discovery binders to Defendant while in prison. (Tr. of June 14, 2006 Hearing on Motion to Withdraw Guilty Plea at p. 29 (doc. 73).) The federal case against Defendant was based on the same evidence that was available to county counsel plus the proffer given by Defendant to the federal prosecutor.

### 3. Prosecutorial Misconduct Findings

Defendant had all the discovery he needed to decide whether to go to trial or plead. In particular, he had his own knowledge of his involvement in the crime. There was no deliberate withholding of discovery by anyone in this case and no prosecutorial misconduct.

### III. Conclusion

Defendant's claims of ineffective assistance of counsel and of prosecutorial misconduct have no merit. An appropriate order will be issued.

                                              s/Sylvia H. Rambo
                                            United States District Judge

Dated: January 7, 2010.

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | **CRIMINAL NO. 1:CR-06-009** |
| **v.** | : | |
| **JESSE KENLEY** | : | |

## **O R D E R**

In accordance with the accompanying memorandum, **IT IS HEREBY ORDERED THAT** Defendant's motion filed pursuant to 28 U.S.C. § 2255 is **DENIED**. This court declines to issue a certificate of appealability. The Clerk of Court shall close the file.

                                              s/Sylvia H. Rambo
                                              United States District Judge

Dated: January 7, 2010.