IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | **Crim. No. 1:06-cr-009** |
| | : | |
| v. | : | |
| | : | |
| **JESSE KENLEY** | : | **Judge Sylvia H. Rambo** |

## **M E M O R A N D U M**

Before the court is Jesse Kenley's motion filed pursuant to Federal Rule of Civil Procedure 60(b)(4) and (d)(1), in which he seeks relief from his criminal charge under 18 U.S.C. § 1512(b)(1) and (2), *i.e.*, witness tampering. In the motion, Kenley claims that the witness was his wife and that her testimony was coerced and in violation of the marital privilege. He therefore claims that he is actually innocent of the tampering with a witness charge. For the reasons that follow, the motion will be denied.

**I.** **Discussion**

On January 4, 2006, Kenley was arraigned and entered a guilty plea to Counts 1, 2 and 3 of an information. During that proceeding, the court asked Kenley: "[D]id you, during the course of the investigation, attempt to dissuade your . . . ex-wife to alter any testimony that she had previously supplied to investigators?" (Doc. 18, p. 20.) Kenley responded, "Yes, ma'am." (*Id.*) He further stated that he agreed to all the facts related by the prosecutor. (*Id.* at p. 21.)

At a hearing held on June 14, 2006, the following exchange occurred:

Q (by counsel): ". . . based on what you have attempted to claim, was [Alisha] your ex-wife at that point when you had that conversation?"

A: (no response by Kenley)

Q: To your knowledge, is Alisha Kenley your ex-wife?

A: No she isn't.

(Doc. 73, p. 65.)

It appears that at some point in time, Alisha was married to Kenley. She was subpoenaed to testify before the grand jury. Regardless of the marital status at the time she gave her testimony, it is the court's opinion that the spousal privilege does not apply in this case.

In *Trammel v. United States*, 445 U.S. 40, 53 (1958), the court held that the invocation of the spousal privilege in a criminal proceeding vested solely in the testifying spouse. There is nothing in the record to show that Alisha invoked the privilege.

In an opinion by the Court of Appeals of the Third Circuit affirming this court's denial of Kenley's motion to withdraw his guilty plea, the court stated, "Kenley's marital privilege claim does not advance his factual innocence claim inasmuch as Kenley's ex-wife chose not to assert her marital-privilege right when subpoenaed to testify." (Doc. 78-3, p. 7.)

Kenley has no standing to raise the marital privilege in his criminal proceedings.

The court further notes that Federal Rule of Civil Procedure 60(c)(1) requires a motion under 60(b) to be filed within a reasonable time except for motions under (b)(1)(2) and (3). The court considers nine years to re-raise the spousal privilege to be unreasonable.

The motion will be denied.

                                                 s/Sylvia H. Rambo
                                                 SYLVIA H. RAMBO
                                                 United States District Judge

Dated: November 7, 2017